UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CLINTON WALLACE,                                    Civil No. 05-435 (JNE/SRN)

        Petitioner,

    v.                                              **REPORT AND RECOMMENDATION**

R. L. MORRISON, Warden,

        Respondent.

---

    Clinton Wallace, Federal Correctional Institution - Ray Brook, P.O. Box 9004, Ray Brook, New York, 12977, Petitioner, pro se.

    Michelle E. Jones, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Respondent.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

    This matter is before the undersigned Magistrate Judge of the District Court on the application of Petitioner Clinton Wallace for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner, a federal prison inmate, claims that the Federal Bureau of Prisons, ("BOP"), has miscalculated his release date, by failing to give him proper credit toward his current prison sentence for time he was in custody before he began serving his sentence. Respondent has filed an answer to the petition, contending that this action should be dismissed.

    The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court concludes that Petitioner's habeas corpus petition should be denied, and this action should be dismissed with prejudice.

## I. BACKGROUND

On January 31, 2000, Petitioner was arrested for possession of cocaine. He was taken into custody and detained, apparently behind bars, for three days. On February 2, 2000, he was released from custody subject to certain highly restrictive conditions. Petitioner alleges that he was placed on "home confinement," apparently meaning that he was required to stay at his home 24 hours a day.

Petitioner ultimately was convicted in the United States District Court for the District of Maryland for Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846. On January 19, 2001, he was sentenced to 120 months in federal prison, and he began serving his sentence on that day. Petitioner was given three days of credit toward his sentence for the time that he was in custody immediately after his arrest, and before he was released to home confinement. However, he was not given any credit toward his sentence for the time when he was on home confinement – i.e., the time between February 2, 2000, and January 19, 2001.

According to the BOP, Petitioner's projected release date, (assuming he earns all available good time credits), is October 2, 2009. Petitioner claims that the BOP has miscalculated his release date, by failing to give him credit toward his sentence for the time he spent on home confinement before he began to serve his sentence.

Petitioner has presented his sentence credit claim to the BOP by means of the BOP's administrative remedy procedures. See 28 C.F.R. §§ 542.10-.19. However, Petitioner failed to take the final step in the administrative remedy process, which is to present the claim to the BOP's General Counsel in the Central Office. 28 C.F.R. § 542.15(a). Instead of filing his final administrative appeal, Petitioner filed his current

2

habeas corpus petition.  He is now asking the federal court to compel the BOP to give him credit toward his sentence for the time he spent on home confinement before he was sentenced.[1]

## II.  DISCUSSION

Respondent initially contends that this action should be summarily dismissed, without reaching the merits of Petitioner's sentence credit claim, because Petitioner failed to exhaust his available administrative remedies before seeking federal habeas corpus relief.  Petitioner does not deny his failure to exhaust administrative remedies, but claims that he should be excused from the exhaustion requirement, because any further administrative appeal would be "futile."  (Petitioner's Memorandum in Support of Petition, [Docket No. 2], p. (2).)

Petitioner offers no explanation for his futility argument, and the Court finds nothing in the record to support it.  However, in federal habeas corpus proceedings such as this one, exhaustion is not a strict statutory, or otherwise jurisdictional, requirement, (Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990)); and in this particular case, the Court finds that it would be most propitious to decide Petitioner's claims on the merits.  See id. ("[w]here exhaustion of administrative remedies is not jurisdictional, the district court must determine

---

[1]   This action was properly commenced in this District, because Petitioner was serving his sentence at the Federal Prison Camp in Duluth, Minnesota, when he filed his petition.  Petitioner was later transferred out of this District, and his last known address is a BOP facility in New York.  However, Petitioner's current habeas corpus petition can still be heard and decided here in Minnesota, despite his post-filing transfer out of this District. See McCoy v. United States Board of Parole, 537 F.2d 962, 966 (8th Cir. 1976) (the federal court for the district where a prisoner was incarcerated when he filed his habeas corpus petition does not lose jurisdiction when the prisoner is transferred to another district while his petition is still pending).

3

whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court"); see also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.) ("judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated"), cert. denied, 528 U.S. 846 (1999).

In this case, Petitioner's habeas corpus claim is easy to resolve on the merits, because it is so clearly foreclosed by the Supreme Court's decision in Reno v. Koray, 515 U.S. 50 (1995). Koray was a § 2241 habeas corpus case brought by a federal prisoner who claimed that the BOP had wrongly refused to give him credit toward his prison sentence for time that he spent in a community treatment center before he was sentenced. The claim presented in Koray is indistinguishable from the claim presented here – except for the fact that the prisoner in Koray was confined at a "community treatment center," (which apparently was a quasi-penal facility), while Petitioner here apparently was confined in the relative comfort of his own home.

The resolution of the claim presented in Koray hinged on the Supreme Court's interpretation of 18 U.S.C. § 3585(b) – the same statute cited by Petitioner here. The relevant part of that statute provides "that a defendant generally must 'be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.'" Koray, 515 U.S. at 52, quoting 18 U.S.C. § 3585(b). Thus, the issue presented in Koray – and here – is what constitutes "official detention," for purposes of determining how much sentence credit a prisoner should receive for time spent under court ordered supervision before the beginning of his sentence.

4

In <u>Koray</u>, the Supreme Court observed that federal courts have "two choices when dealing with a criminal defendant who has been 'charged with an offense' and is awaiting trial, ... or who 'has been found guilty of an offense and ... is awaiting imposition or execution of sentence.'" 515 U.S. at 57, quoting 18 U.S.C. §§ 3142(a) and 3143(a)(1). "The Court may either (1) 'release' the defendant on bail or (2) order him 'detained' without bail." <u>Id</u>. The Supreme Court concluded that if a defendant is "detained," he may then be entitled to credit – for the days he is so detained – toward a sentence he may later be required to serve. But if he is "released on bail," then there is no "official detention" for purposes § 3585(b), and he is not entitled to any sentence credit, <u>regardless of the conditions that may accompany his release</u>. <u>Id</u>.

The Court further explained in <u>Koray</u> that "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions, is 'released.'" <u>Id</u>. In fact, the Court said, "[u]nlike defendants 'released' on bail, defendants who are 'detained'... <u>always remain subject to the control of the [BOP]</u>." <u>Id</u>. at 63, (emphasis by the Supreme Court).

Thus, the Supreme Court held in <u>Koray</u> that a defendant who is released on bail is <u>not</u> "in official detention" for purposes of § 3585(b) – even if the conditions of the defendant's release on bail require him to remain at a community treatment center. Furthermore, a defendant is considered to be "in official detention" for purposes of § 3585(b) <u>only if he is "detained in a 'penal or correctional facility'... and subject to BOP's control</u>." <u>Id</u>. at 58 (emphasis added). In other words, regardless of the type of restrictions imposed on a defendant's freedom, if he is released on bail, and not placed in the custody of the BOP, then he is not considered to be "in official detention" for purposes of § 3585(b),

5

and he is therefore not entitled to any sentence credit for any time when he is so released.

Here, Petitioner has not shown that he was in BOP custody while he was on home confinement prior to the commencement of his current sentence.  To the contrary, it clearly appears that Petitioner was <u>released</u>, (presumably on bail, and, of course, subject to home confinement restrictions), prior to the commencement of his sentence.  Because Petitioner was "released" (subject to home confinement restrictions), and he was not "detained" by the BOP, he was not "in official detention" for purposes of § 3585(b).  Because Petitioner was not in official detention, he is not entitled to any sentence credit for the time he spent on home confinement before he began serving his current sentence.

Thus, the Court concludes that Petitioner's current habeas corpus claim is without merit.  This conclusion is clearly dictated by <u>Koray</u>.[2]

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2.  This action be DISMISSED WITH PREJUDICE.


Dated: May 2, 2006

      s/ Susan Richard Nelson
     SUSAN RICHARD NELSON
     United States Magistrate Judge

---

[2]  The same conclusion is also dictated by <u>Moreland v. United States</u>, 968 F.2d 655 (8th Cir.), <u>cert</u>. <u>denied</u>, 506 U.S. 1028 (1992), which presaged the Supreme Court's decision in <u>Koray</u>.

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 19, 2006,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.